COURT OF APPEALS
DECISION
DATED AND FILED

March 19, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1444-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2022CM356

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

MARTHA R. ELSILA,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Ozaukee County: PAUL V. MALLOY, Judge. *Affirmed*.

¶1 NEUBAUER, J.[1] Martha Elsila, proceeding pro se, appeals from a judgment of conviction entered after she pled no contest to one count of

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

endangering safety with a dangerous weapon, party to a crime, contrary to WIS. STAT. §§ 941.20(1)(a) and 939.05, and from a subsequent order determining the amount of restitution she owed. Elsila contends that she received ineffective assistance of counsel at the restitution hearing and that a witness provided perjured testimony at the hearing upon which the circuit court relied in ordering restitution. Because Elsila's arguments do not provide a basis for relief, this court affirms the judgment and order.

¶2 According to the complaint, the charge against Elsila arose out of an August 2022 incident in which her neighbor told police that persons had been shooting firearms on Elsila's property and had struck the neighbor's house multiple times. According to the neighbor, the shooting continued after he contacted Elsila and she "stated she would have someone go to the people shooting and have them stop." Police observed bullet holes and "additional damage" around the neighbor's home.

¶3 When the police arrived at Elsila's home they "discovered a group of eight people who had been shooting" a "multitude of weapons" at a target area backstopped by a pile of "old logs and debris." The police located "at least 300 to 400 casings" on each of two tarps near where the shooting had occurred. Though "[t]he direction which the shooters were facing was not directly in line with the victim's residence, … the direction of the fired bullets … would normally pass immediately to the north of the residence."

¶4 This was not the first time that recreational shooting at Elsila's residence had resulted in damage to her neighbor's residence. The neighbor had reported "finding bullet holes in their siding on their house" a year earlier, in April 2021. On that occasion, police "examined the [shooting] range [at Elsila's house]

and found it to be insufficient." They "informed her of what had taken place and instructed her to find a safer place to shoot in the future."

¶5 In January 2024, Elsila pled no contest to a charge of endangering safety with a dangerous weapon, party to a crime, and was placed on probation for one year. In February 2024, the circuit court held a hearing on the issue of restitution. Elsila's neighbor testified about the bullet holes and other damage to his residence and provided testimony and evidence to detail the costs associated with fixing it, including various contractor's bills and estimates. Elsila's attorney cross-examined the neighbor but did not present any other witnesses or evidence. Following the hearing, the court issued a written decision ordering Elsila to pay more than $138,000 in restitution.

¶6 "Circuit courts have discretion in deciding on the amount of restitution and in determining whether the defendant's criminal activity was a substantial factor in causing any expenses for which restitution is claimed." ***State v. Johnson***, 2002 WI App 166, ¶7, 256 Wis. 2d 871, 649 N.W.2d 284. "When we review a circuit court's exercise of discretion, we examine the record to determine whether the circuit court logically interpreted the facts, applied the proper legal standard and used a demonstrated, rational process to reach a conclusion that a reasonable judge could reach." ***Id.*** For the findings made by the court on disputed issues, we do not set aside the court's findings unless they are clearly erroneous. ***State v. DeLeon***, 127 Wis. 2d 74, 82, 377 N.W.2d 635 (Ct. App. 1985). A finding of fact is clearly erroneous "when the finding is against the great weight and clear preponderance of the evidence." ***Royster-Clark, Inc. v. Olsen's Mill, Inc.***, 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530. This court will not "search the record … for evidence opposing the circuit court's decision, but for evidence supporting it." ***Id.***

3

¶7 On appeal, Elsila bears the burden of showing that the circuit court's restitution order was erroneous. *See Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381. Her arguments fail to show such an error. They are undeveloped and lack citations to the record or supporting legal authority that show that the court's factual findings were clearly erroneous or that its decision as to the amount of restitution was an erroneous exercise of discretion. Though Elsila is proceeding pro se, she is still obliged to follow the rules of appellate procedure, which include supporting the arguments in her briefs with legal authority and citations to the record. *See Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (explaining that pro se litigants "are bound by the same rules that apply to attorneys on appeal" and are not excused from "comply[ing] with relevant rules of procedural and substantive law"); *see also* WIS. STAT. RULE 809.19(1)(e) (requiring that arguments in an appellant's brief contain citations to the record and supporting legal authority). Because she has not followed these rules, this court could decline to address her arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (stating that court of appeals "may decline to review issues inadequately briefed" and need not consider "[a]rguments unsupported by references to legal authority"). Nonetheless, this court will briefly address Elsila's arguments.

¶8 Elsila contends that her neighbor "lied in court with the property damages, and about the shooting." This assertion provides no basis for relief. The circuit court found the neighbor's testimony credible and relied on it in awarding restitution. This court has repeatedly "acknowledge[d] that circuit courts are better able than appellate courts to determine the credibility of witnesses and evaluate the evidence." *State v. Rachel*, 2010 WI App 60, ¶20, 324 Wis. 2d 465, 782 N.W.2d 443. Absent "a contrary showing upon the record," this court must

4

defer to the circuit court's evaluation of witness credibility. *State v. Sorenson*, 143 Wis. 2d 226, 248, 421 N.W.2d 77 (1988).

¶9 Moreover, the circuit court itemized each of the neighbor's damages and set forth its reasoning for its determinations in a comprehensive written decision. The court made the following findings concerning the damage caused to the neighbor's property:

> those rounds struck the [neighbor]'s roof in the area above the 2400 square foot trophy room as well as the west side of the [neighbor]'s trophy room. They went into and through the siding on the west side of the house and into the dry wall in the trophy room located on the north side of the residence and damaged dry wall in the second floor office, the eastern wall of the trophy room and a screen and storm door and porch railing. The rounds also damaged a deer mount and gun case in the [neighbor]'s trophy room. Finally as indicated above, there are a number of trees in a privacy planting that are dead or dying due to the rounds. Complicating the situation is the small size of the rounds, making it difficult to identify all of the entry points, especially to the roof.

Elsila has not developed any argument to show that these findings are clearly erroneous. While she submits an appendix identifying, for example, the neighbor's statements that she questions, she did not testify at the restitution hearing, and she fails to cite to any evidence in the record to show that the court's determinations regarding the damage and costs to repair were clearly erroneous.

¶10 Elsila's other argument is that her attorney provided ineffective assistance because she "did not bring to court the evidence that she had" and did not call witnesses to testify on Elsila's behalf. Elsila asserts that the evidence and witness testimony "would have changed the outcome of [her] case." The only specific item she points to is "the Police Body Cam," which is not in the record,

but which, she asserts, would have shown that her neighbor and his son "were not truthful in what happened [on] the day in question."[2]

¶11    Elsila's ineffective assistance argument does not provide a basis for relief.  An ineffective assistance claim that is based on counsel's conduct before the circuit court must be presented to that court in the first instance.  By not doing so here, Elsila forfeited her right to raise the claim before this court.  *See **State v. Thomas***, 2021 WI App 55, ¶43, 399 Wis. 2d 277, 963 N.W.2d 887.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[2] The neighbor's son did not testify at the restitution hearing.